IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03244-RM-KLM

TEREY SHULTZ,

    Plaintiff,

vs.

FRONTIER AIRLINES, a Colorado corporation, and
COMMUNICATIONS WORKERS OF AMERICA, d/b/a ASSOCIATION OF FLIGHT ATTENDANTS-CWA,

    Defendants.

## DEFENDANT FRONTIER'S ANSWER

Defendant Frontier Airlines ("Frontier"), by and through counsel, hereby submits this Answer to Plaintiff Terey Shultz's Complaint (the "Complaint").

### JURISDICTION AND PARTIES

1. Answering paragraph 1 of the Complaint, Frontier admits that Shultz is a citizen of the United States; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 1 for lack of sufficient knowledge or information.

2. Answering paragraph 2 of the Complaint, Frontier states that it is a Colorado corporation doing business in Colorado; and except as is expressly admitted herein, Frontier denies each and every allegation of paragraph 2 of the Complaint is denied.

3. Answering paragraph 3 of the Complaint, Frontier admits that Association of Flight Attendants-CWA ("AFA") is a labor union representing flight attendants in the

United States and is an affiliate of AFL-CIO; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 3 for lack of sufficient knowledge or information.

4. Answering paragraph 4 of the Complaint, Frontier admits that Shultz is a former employee of Frontier; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 4 for lack of sufficient knowledge or information.

5. Answering paragraph 5 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies the same.

6. Answering paragraph 6 of the Complaint, Frontier admits that this action is purportedly brought pursuant to the Railway Labor Act, 45 U.S.C. §§ 151-188, and that jurisdiction is purportedly invoked pursuant to 28 U.S.C. §§ 1331 and 1367; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies the same.

## FACTUAL ALLEGATIONS

8. Answering paragraph 8 of the Complaint, Frontier incorporates by reference its preceding responses to the allegations in paragraphs 1 through 7.

9. Answering paragraph 9 of the Complaint, Frontier admits the allegations contained therein.

10. Answering paragraph 10 of the Complaint, Frontier admits that Shultz became a Flight Attendant in or around January 2004, and that he remained in this position until his termination; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 10 of the Complaint.

11. Answering paragraph 11 of the Complaint, Frontier states that a collective bargaining agreement exists between Frontier and Defendant, Association of Flight Attendants; Frontier lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies the same.

12. Answering paragraph 12 of the Complaint, Frontier states that a collective bargaining agreement with an effective date of August 29, 2011, exists between Frontier and Defendant, Association of Flight Attendants; Frontier lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies the same.

13. Answering paragraph 13 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies the same.

14. Answering paragraph 14 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies the same.

15. Answering paragraph 15 of the Complaint, Frontier admits that it had communications with AFA regarding dues payments and denies any characterization of these communications; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 15 of the Complaint.

-4-

16. Answering paragraph 16 of the Complaint, Frontier admits that Tyler Bartlett and Eva Durham had communications with Shultz regarding dues payments and denies any characterization of these communications; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, Frontier incorporates by reference its answer to paragraph 16 of the Complaint; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 17 of the Complaint.

18. Answering paragraph 18 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies the same.

19. Answering paragraph 19 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies the same.

20. Answering paragraph 20 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies the same.

21. Answering paragraph 21 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies the same.

22. Answering paragraph 22 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies the same.

23. Answering paragraph 23 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies the same.

24. Answering paragraph 24 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies the same.

25. Answering paragraph 25 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies the same.

26. Answering paragraph 26 of the Complaint, Frontier incorporates by reference its answer to paragraph 16 of the Complaint; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 26 of the Complaint.

27. Answering paragraph 27 of the Complaint, Frontier incorporates by reference its answer to paragraph 16 of the Complaint; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 27 of the Complaint.

28. Answering paragraph 28 of the Complaint, Frontier incorporates by reference its answer to paragraph 16 of the Complaint; and, except as is expressly

admitted herein, Frontier denies the remaining allegations of paragraph 28 of the Complaint.

29.     Answering paragraph 29 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies the same.

30.     Answering paragraph 30 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies the same.

31.     Answering paragraph 31 of the Complaint, Frontier admits that it received a letter from AFA pertaining to Shultz and denies any characterization of this letter; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 31 of the Complaint.

32.     Answering paragraph 32 of the Complaint, Frontier admits that it terminated Shultz's employment on or around August 10, 2013 in a discrete location in Denver International Airport and denies any further characterization of this termination; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 32 of the Complaint.

33.     Answering paragraph 33 of the Complaint, Frontier admits that Mr. Bartlett provided Shultz with a document dated August 8, 2013, and denies any characterization of this document; Frontier further admits that Article 17 of the Collective Bargaining Agreement broadly pertains to union security and dues check-off denies any characterization of this document; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 33 of the Complaint.

34. Answering paragraph 34 of the Complaint, Frontier admits that it terminated Shultz's employment on or around August 10, 2013, and required him to return his badges and Flight Attendant manual; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 34 of the Complaint.

35. Answering paragraph 35 of the Complaint, Frontier admits that Article 17 of the Collective Bargaining Agreement pertains broadly to dues payments and denies any characterization of this document; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 35 of the Complaint.

36. Answering paragraph 36 of the Complaint, Frontier incorporates by reference its answer to paragraph 35 of the Complaint; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 36 of the Complaint.

37. Answering paragraph 37 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies the same.

38. Answering paragraph 38 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies the same.

39. Answering paragraph 39 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies the same.

40. Answering paragraph 40 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies the same.

41. Answering paragraph 41 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies the same.

42. Answering paragraph 42 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies the same.

43. Answering paragraph 43 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies the same.

44. Answering paragraph 44 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies the same.

45. Answering paragraph 45 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies the same.

46. Answering paragraph 46 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies the same.

47. Answering paragraph 47 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies the same.

48. Answering paragraph 48 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies the same.

49. Answering paragraph 49 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies the same.

50. Answering paragraph 50 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies the same.

51. Answering paragraph 51 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies the same.

52. Answering paragraph 52 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies the same.

53. Answering paragraph 53 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies the same.

54. Answering paragraph 54 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies the same.

55. Answering paragraph 55 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies the same.

56. Answering paragraph 56 of the Complaint, Frontier admits that Shultz delivered a document to Ms. Durham and Mr. Bartlett on or around August 16, 2013, and denies any characterization of this document; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 56 of the Complaint.

57. Answering paragraph 57 of the Complaint, Frontier admits that Mr. Bartlett provided a written response to Shultz on or around August 24, 2013, and denies any characterization of this response; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 57 of the Complaint.

58. Answering paragraph 58 of the Complaint, Frontier incorporates by reference its answer to paragraph 57 of the Complaint; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 58 of the Complaint.

59. Answering paragraph 59 of the Complaint, Frontier admits that Shultz left Mr. Bartlett a voice message on or around August 26, 2013, and denies any characterization of this message; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 59 of the Complaint.

60. Answering paragraph 60 of the Complaint, Frontier admits that Shultz and Mr. Bartlett had a conversation on or around August 27, 2013; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 60 of the Complaint.

61. Answering paragraph 61 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies the same.

62. Answering paragraph 62 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies the same.

63. Answering paragraph 63 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies the same.

64. Answering paragraph 64 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies the same.

65. Answering paragraph 65 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies the same.

66. Answering paragraph 66 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies the same.

67. Answering paragraph 67 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies the same.

68. Answering paragraph 68 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies the same.

69. Answering paragraph 69 of the Complaint, Frontier incorporates by reference its answer to paragraph 66 of the Complaint; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 69 of the Complaint.

70. Answering paragraph 70 of the Complaint, Frontier incorporates by reference its answer to paragraph 66 of the Complaint; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 70 of the Complaint.

71. Answering paragraph 71 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies the same.

72. Answering paragraph 72 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies the same.

**FIRST CLAIM FOR RELIEF**
**(Breach of Collective Bargaining Agreement/Railway Labor Act – against Defendant Frontier Airlines)**

73. Answering paragraph 73 of the Complaint, Frontier incorporates by reference its preceding responses to the allegations in paragraphs 1 through 72.

74. Answering paragraph 74 of the Complaint, Frontier admits that it and AFA were parties to a Collective Bargaining Agreement known as the Frontier Airlines Attendant Contract (2011-2016); and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 74 of the Complaint.

75. Answering paragraph 75 of the Complaint, Frontier admits that Shultz was a Frontier employee and that Frontier was a party to a Collective Bargaining Agreement with AFA; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 75 for lack of sufficient knowledge or information.

76. Answering paragraph 76 of the Complaint, Frontier incorporates by reference its answer to paragraph 75 of the Complaint; and, except as is expressly admitted herein, Frontier denies the remaining allegations of paragraph 76 of the Complaint.

77. Answering paragraph 77 of the Complaint, Frontier denies the allegations contained therein.

78. Answering paragraph 78 of the Complaint, Frontier denies the allegations contained therein.

**SECOND CLAIM FOR RELIEF**
**(Breach of Fair Representation – against Defendant AFA)**

79. Answering paragraph 79 of the Complaint, Frontier incorporates by reference its preceding responses to the allegations in paragraphs 1 through 78.

80. Answering paragraph 80 of the Complaint, Frontier states that no response is required because the allegations in paragraph 80 pertain solely to a claim stated against Defendant AFA; however, to the extent a response is required, Frontier denies the allegations of paragraph 80 for lack of sufficient knowledge or information.

81. Answering paragraph 81 of the Complaint, Frontier states that no response is required because the allegations in paragraph 81 pertain solely to a claim stated against Defendant AFA; however, to the extent a response is required, Frontier denies the allegations of paragraph 81 of the Complaint.

82. Answering paragraph 82 of the Complaint, Frontier states that no response is required because the allegations in paragraph 82 pertain solely to a claim stated against Defendant AFA; however, to the extent a response is required, Frontier denies the allegations of paragraph 82 of the Complaint.

## THIRD CLAIM FOR RELIEF
**(Promissory Estoppel – against Defendant Frontier Airlines)**

83. Answering paragraph 83 of the Complaint, Frontier incorporates by reference its preceding responses to the allegations in paragraphs 1 through 82.

84. Answering paragraph 84 of the Complaint, Frontier denies the allegations contained therein.

85. Answering paragraph 85 of the Complaint, Frontier denies the allegations contained therein.

86. Answering paragraph 86 of the Complaint, Frontier denies the allegations contained therein.

87. Answering paragraph 87 of the Complaint, Frontier denies the allegations contained therein.

## FOURTH CLAIM FOR RELIEF
### (Promissory Estoppel – against Defendant AFA)

88. Answering paragraph 88 of the Complaint, Frontier incorporates by reference its preceding responses to the allegations in paragraphs 1 through 87.

89. Answering paragraph 89 of the Complaint, Frontier states that no response is required because the allegations in paragraph 89 pertain solely to a claim stated against Defendant AFA; however, to the extent a response is required, Frontier denies the allegations of paragraph 89 for lack of sufficient knowledge or information.

90. Answering paragraph 90 of the Complaint, Frontier states that no response is required because the allegations in paragraph 90 pertain solely to a claim stated against Defendant AFA; however, to the extent a response is required, Frontier denies the allegations of paragraph 90 of the Complaint.

91. Answering paragraph 91 of the Complaint, Frontier states that no response is required because the allegations in paragraph 91 pertain solely to a claim stated against Defendant AFA; however, to the extent a response is required, Frontier denies the allegations of paragraph 91 of the Complaint.

92. Answering paragraph 92 of the Complaint, Frontier states that no response is required because the allegations in paragraph 92 pertain solely to a claim stated against Defendant AFA; however, to the extent a response is required, Frontier denies the allegations of paragraph 92 of the Complaint.

Frontier states that each and every allegation contained in the Complaint that has not been expressly admitted is hereby denied.

### FIRST AFFIRMATIVE DEFENSE

Shultz has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Shultz's claims because they are preempted under the Railway Labor Act, 45 U.S.C. § 151 *et seq*.

### THIRD AFFIRMATIVE DEFENSE

Shultz's claims constitute "minor disputes" under the Railway Labor Act and are therefore preempted.

### FOURTH AFFIRMATIVE DEFENSE

Shultz's claims are subject to final and binding neutral arbitration pursuant to the contract, the Railway Labor Act, and/or applicable state law.

### FIFTH AFFIRMATIVE DEFENSE

Shultz cannot circumvent Railway Labor Act preemption by alleging that his claims in this action constitute a "hybrid action"; Shultz alleges separate and distinct claims against Frontier and AFA and cannot legally sustain a claim of collusion between the two.

### SIXTH AFFIRMATIVE DEFENSE

Frontier acted at all times in good faith and in accordance with its contractual and/or legal rights.

### SEVENTH AFFIRMATIVE DEFENSE

Frontier has wholly performed all covenants of any alleged agreements or contracts with Shultz and/or the AFA in the manner and time agreed by the parties.

### EIGHTH AFFIRMATIVE DEFENSE

Any obligation or duty, contractual or otherwise, which Shultz claims to be owed by Frontier has been fully performed, satisfied, or discharged.

### NINTH AFFIRMATIVE DEFENSE

Shultz failed to exhaust his arbitration and/or contractual remedies or to satisfy other conditions precedent to suit.

### TENTH AFFIRMATIVE DEFENSE

Any damage, injury, or loss sustained by Shultz was caused by the actions of others, including AFA, or by intervening or superseding events for which Frontier has no responsibility.

### ELEVENTH AFFIRMATIVE DEFENSE

Any reliance by Shultz on Frontier's alleged representations, verbal or otherwise, was not reasonable.

### TWELFTH AFFIRMATIVE DEFENSE

Shultz failed to mitigate his alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Shultz's claims are barred by the applicable statute of limitations and/or laches.

WHEREFORE, Frontier respectfully requests that the Complaint be dismissed in its entirety and that Frontier be awarded its reasonable attorneys' fees and costs and any other appropriate relief.

Dated: January 13, 2014.

Respectfully submitted,

*s/ Brian M. Mumaugh* _____
HOLLAND & HART, LLP
6380 South Fiddler's Green Cir., Suite 500
Greenwood Village, Colorado 80111
Telephone: (303) 290-1612
bmumaugh@hollandhart.com

**ATTORNEYS FOR DEFENDANT FRONTIER**

-19-

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Hugh S. Pixler
LAW OFFICE OF HUGH S. PIXLER, LLC
1942 Broadway, Suite 314
Boulder, Colorado 80302
Telephone: (303) 413-3464
Hugh@Pixlerlaw.com
ATTORNEYS FOR PLAINTIFF

Thomas B. Buescher
BUESCHER, GOLDHAMMER, KELMAN & PERERA, P.C.
600 Grant Street, Suite 450
Denver, Colorado 80203
Telephone: (303) 333-7751
tbuescher@laborlawdenver.com
ATTORNEYS FOR DEFENDANT AFA

*s/* **Brian M. Mumaugh**

6594899_2

-19-