IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| TEREY SHULTZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 13-cv-03244-RM-KLM |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, INC., and | ) | |
| ASSOCIATION OF FLIGHT | ) | |
| ATTENDANTS-CWA, AFL-CIO, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## DEFENDANT ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Association of Flight Attendants-CWA, AFL-CIO ("AFA"), by and through its attorneys, answers Plaintiff Terey Shultz's Complaint as follows:

1.      Defendant AFA admits the allegations contained in paragraph 1.

2.      Defendant AFA admits the allegation that Defendant Frontier is a Colorado corporation doing business in Colorado, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3.      Defendant AFA notes that its legal designation is Association of Flight Attendants-CWA, AFL-CIO, but otherwise admits the allegations contained in paragraph 3.

4.      Defendant AFA admits that Plaintiff is a former employee of Frontier Airlines; but denies the other allegations contained in paragraph 4.

5.      Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.      Defendant AFA admits that this action is purportedly brought pursuant to the Railway Labor Act, 45 U.S.C. §§ 151-188, and that jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.

7.      Defendant AFA admits the allegations contained in paragraph 7.

8.      Defendant AFA incorporates by reference the answers set forth above in paragraphs 1 through 7.

9.      Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.     Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.     Defendant AFA admits that the first collective bargaining agreement between Defendants AFA and Frontier was ratified on August 29, 2011, and the first month of dues obligation was September 2011.  Defendant AFA denies the remaining allegations contained in paragraph 11.

12.     Defendant AFA denies the allegations contained in paragraph 12.

13.     Defendant AFA admits that in March 2013 Plaintiff paid an amount equivalent to the initiation fee, but denies that such money was earmarked as such and denies the remaining allegations contained in paragraph 13.

14.     Defendant AFA admits that a number of Flight Attendants were delinquent in their dues payment.  However, AFA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14.

---

15.     Defendant AFA admits that in or about May 2013, AFA notified Frontier of the Flight Attendants who were delinquent in their dues payment and were consequently subject to discharge under the collective bargaining agreement.

16.     Defendant AFA admits that it was informed by Eva Durham that her department contacted the Flight Attendants on the delinquent dues list, otherwise Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.     Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.     Defendant AFA admits the allegations contained in paragraph 18.

19.     Defendant AFA admits that Plaintiff spoke with Karen Lee on June 14, 2013, and that they discussed a payment plan.

20.     Defendant AFA lacks knowledge or information sufficient to establish the exact words used by either Plaintiff or Ms. Lee, but otherwise admits the allegations contained in paragraph.

21.     Defendant AFA admits that Ms. Lee agreed to send Plaintiff via e-mail the paperwork referenced in paragraph 20, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22.     Defendant AFA admits that Ms. Lee sent an email to Plaintiff that indicated it included an attachment which Ms. Lee forgot to attach, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     Defendant AFA denies the allegations contained in paragraph 23.

24.     Defendant AFA admits that, not realizing she had forgotten to attach the paperwork to her June 14 email, Ms. Lee sent no further emails to Plaintiff.

25.     Defendant AFA admits that Plaintiff made payments of $48 (the standard dues payment) on June 6 and 22, July 6 and August 7, 2013 and a payment of $43 on July 22, 2013.

26.     Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Defendant AFA denies the allegations contained in paragraph 29.

30.     Defendant AFA admits that Ms. Messina attempted to assist and advise Plaintiff, but denies the characterization of their conversations as alleged in paragraph 30.

31.     Defendant admits the allegations contained in paragraph 31, but notes that the request for termination was sent on August 2, 2013.

32.     Defendant AFA admits that Plaintiff's employment was terminated on or around August 10, 2013, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32.

33.     Defendant AFA admits the allegations contained in paragraph 33.

34.     Defendant AFA admits the allegations contained in paragraph 34.

35.     Defendant AFA admits that Article 17(B)(1) of the CBA provides:

> If a Flight Attendant of the Company covered by this Agreement becomes more than 30 days delinquent in the payment of service charges, initiation fees,

assessments and/ or membership dues, the Union will notify such Flight Attendant by certified mail, return receipt requested, copy to Director of Inflight and the MEC President that she/ he is delinquent in the payment of such service charges, initiation fees, assessments and/ or membership dues as specified herein and subject to discharge as an (sic) Flight Attendant, and must remit the required payment within 15 days or be discharged.  The notice of delinquency required under this paragraph will be deemed to be received by the Flight Attendant whether or not it is personally received  when mailed by the International Secretary-Treasurer of the Union by certified mail, return receipt requested, postage prepaid to the Flight Attendant's last known address, or to any other address which has been designated by the Flight Attendant. It will be the duty of every Flight Attendant covered by this Agreement to notify the Union's Membership Department of every change in home address, or of an address where the notice required by this paragraph can be sent and received by the Flight Attendant if the Flight Attendant's home address is at any time unacceptable for this purpose.

36.     Defendant AFA admits that Article 17(B) further provides that the Flight Attendant will have 15 days after issuance of the letter referenced in paragraph 35 in which to remit the required payment or be discharged.

37.     Defendant AFA admits the allegations contained in paragraph 37.

38.     Defendant AFA admits the allegations contained in paragraph 38.

39.     Defendant AFA admits that Plaintiff informed Ms. Lee that he had not been provided with a promissory note, but denies the remaining allegations contained in paragraph 39.

40.     AFA admits the allegations of Ms. Lee's statements and that Plaintiff claims he contacted Ms. Lee about the lack of attachment to the email, but denies that he actually made such contact; otherwise, Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth remaining allegations contained in paragraph 40.

41.     AFA denies the allegation that Ms. Lee had not previously informed Plaintiff that AFA needed him to sign and return the paperwork she would send him.  Defendant AFA lacks information sufficient to form a belief as to the remaining allegations contained in paragraph 41.

42.     Defendant AFA admits the allegations contained in paragraph 42.

43.     Defendant AFA admits the allegations contained in paragraph 43.

44.     Defendant AFA denies the allegations contained in paragraph 44.

45.     Defendant AFA denies that allegations contained in paragraph 45.

46.     Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     Defendant AFA admits the allegations contained in paragraph 47.

48.     Defendant AFA denies the allegations contained in paragraph 48.

49.     Defendant AFA admits that it sent Plaintiff a promissory note via certified mail on August 13, 2012.  Defendant AFA denies that Plaintiff and Ms. Lee discussed the August 13, 2012 promissory note.

50.     Defendant AFA admits that Plaintiff and Ms. Lee discussed a letter sent via certified mail on or around March 20, 2013 to Plaintiff's Nebraska address, and that Ms. Lee listed a name which Plaintiff identified as his mother's.  Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50.

51.     Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff had never seen the letter referenced in paragraph 51, but denies the remaining allegations contained in paragraph 51.

52.     Defendant AFA denies the allegation contained in paragraph 52 that he had designated a Denver address to AFA, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52.

53.    Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54.    Defendant AFA admits the allegations contained in paragraph 54.

55.    Defendant AFA admits that Ms. Messina was unable to help Plaintiff, but denies the characterization of their conversations as alleged in paragraph 55.

56.    Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57.    Defendant AFA admits that Mr. Bartlett issued a written Review decision, but lacks knowledge or information sufficient to form a belief as to the truth of the alleged date of receipt.

58.    Defendant AFA admits the allegations contained in paragraph 58.

59.    Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60.    Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, but admits that it was informed by Defendant Frontier that Mr. Bartlett did not tell Plaintiff that if he paid his dues in full and had AFA send a reversal of termination letter, the two of them would discuss the process for reinstatement was untrue.

61.    Defendant AFA admits the allegations contained in paragraph 61.

62.    Defendant AFA admits the allegations contained in paragraph 62.

63.    Defendant AFA denies the allegation that Ms. Thompson stated that letters get sent to the wrong address all the time, but admits the remaining allegations contained in paragraph 63.

64.    Defendant AFA admits the allegations contained in paragraph 64.

65.     Defendant AFA admits that Ms. Thompson called Plaintiff and told him that she had returned his payment and that the reversal letter was not accepted.

66.     Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66.

67.     Defendant AFA admits that Ms. Thompson informed Plaintiff the reversal of termination letter was not approved and consequently she had no letter to send him.

68.     Defendant AFA admits the allegations contained in paragraph 68.

69.     Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70.     Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71.     Defendant AFA admits the allegations contained in paragraph 71 with regard to AFA, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Frontier.

72.     Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.

## FIRST CLAIM FOR RELIEF
(Breach of Collective Bargaining Agreement/ Railway Labor Act-
against Defendant Frontier Airlines)

73.     Defendant AFA incorporates by reference its answers to paragraphs 1 through 72 above.

74.     As the allegations in paragraph 74 pertain solely to a claim against Defendant Frontier Airlines, no response is required; however, to the extent a response is required, Defendant AFA admits the allegations contained in paragraph 74.

75.     As the allegations in paragraph 75 pertain solely to a claim against Defendant Frontier Airlines, no response is required; however, to the extent a response is required, Defendant AFA denies the allegation that Plaintiff was a member of AFA, but admits the remaining allegations contained in paragraph 75.

76.     As the allegations in paragraph 76 pertain solely to a claim against Defendant Frontier Airlines, no response is required; however, to the extent a response is required, Defendant AFA admits that Section 17 outlines a process by which termination for non-payment of dues may be effected.

77.     As the allegations in paragraph 77 pertain solely to a claim against Defendant Frontier Airlines, no response is required; however, to the extent a response is required, Defendant AFA denies the allegations contained in paragraph 77.

78.     As the allegations in paragraph 74 pertain solely to a claim against Defendant Frontier Airlines, no response is required; however, to the extent a response is required, Defendant AFA denies the allegations contained in paragraph 78.

## SECOND CLAIM FOR RELIEF
(Breach of Duty of Fair Representation- against Defendant AFA)

79.     Defendant AFA incorporates by reference its answers to paragraphs 1 through 78 above.

80.     Defendant AFA denies the allegations contained in paragraph 80.

81.     Defendant AFA denies the allegations contained in paragraph 81.

82.     Defendant AFA denies the allegations contained in paragraph 82.

## THIRD CLAIM FOR RELIEF
(Promissory Estoppel- against Defendant Frontier Airlines)

83.     Defendant AFA incorporates by reference its answers to paragraphs 1 through 82 above.

84.     As the allegations in paragraph 84 pertain solely to a claim against Defendant Frontier Airlines, no response is required; however, to the extent a response is required, Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85.     As the allegations in paragraph 85 pertain solely to a claim against Defendant Frontier Airlines, no response is required; however, to the extent a response is required, Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.     As the allegations in paragraph 86 pertain solely to a claim against Defendant Frontier Airlines, no response is required; however, to the extent a response is required, Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

87.     As the allegations in paragraph 87 pertain solely to a claim against Defendant Frontier Airlines, no response is required; however, to the extent a response is required, Defendant AFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87.

## FOURTH CLAIM FOR RELIEF
(Promissory Estoppel- against AFA)

88.     Defendant AFA incorporates by reference its answers to paragraphs 1 through 87 above.

89.     Defendant AFA denies the allegations contained in paragraph 89.

90.     Defendant AFA denies the allegations contained in paragraph 90.

91.     Defendant AFA denies the allegations contained in paragraph 91.

92.     Defendant AFA denies the allegations contained in paragraph 92.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant AFA denies each and every allegation contained in the Complaint not specifically admitted herein.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims because they are preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq.*

### FOURTH DEFENSE

To the extent that Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands and/or waiver, Plaintiff is barred from pursuing such claims.

### FIFTH DEFENSE

Subject to proof through discovery, Plaintiff's own conduct caused, in whole or in part, whatever damages he purports to have suffered.

### SIXTH DEFENSE

Any reliance by Plaintiff on AFA's alleged representations was not reasonable.

### SEVENTH DEFENSE

Defendant AFA's conduct with respect to Plaintiff was justified, privileged and affected in good faith without malice, spite or conscious, reckless or negligent disregard of Plaintiff's rights, if any, and without improper purpose or ill-will of any kind.

## EIGHTH DEFENSE

Plaintiff's claims are frivolous, unreasonable, groundless and brought in bad faith and for improper purposes. Accordingly, this Defendant is entitled to recover attorneys' fees and other costs associated with the defense of this action.

## NINTH DEFENSE

Defendant AFA did not directly or indirectly perform or fail to perform any acts that constitute a violation of any rights, if any, of Plaintiff, or a violation of any duty or obligation, if any, owed to Plaintiff.

## TENTH DEFENSE

Defendant AFA at all times acted in good faith and with reasonable grounds to believe that there was no violation of the law of any jurisdiction, or any other legal duty owed to Plaintiff.

## ELEVENTH DEFENSE

Subject to proof through discovery, Plaintiff has failed in whole or in part to mitigate his purported damages.

## TWELTH DEFENSE

Any damages to which Plaintiff may be entitled must be set off by any income Plaintiff has received since his employment with Defendant airline concluded.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the type and amounts allowed or provided by law.

## FOURTEENTH DEFENSE

Defendant AFA hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery in this case and hereby reserves the right to amend the answer to assert any such defense.

Wherefore, Defendant Association of Flight Attendants-CWA, AFL-CIO prays that the Court: (a) dismiss the Complaint in its entirety, with prejudice, (b) deny Plaintiff's claim for damages, including general, compensatory, and punitive damages, fess, costs, interest, and any other requested relief, (c) award judgment in Defendant AFA's favor, (d) award attorneys fees and court costs, and (e) grant any other relief the Court deems just and proper.

Dated: January 14, 2014

By: _____

Deirdre Hamilton
D.C. Bar No. 472334
ASSOCIATION OF FLIGHT
   ATTENDANTS-CWA, AFL-CIO
501 Third Street, N.W.
Washington, D.C., 20001
Tel: (202) 434-1128
Fax: (202) 434-0690
dhamilton@cwa-union.org

Thomas B. Buescher, # 6796
BEUSCHER, GOLDHAMMER,
   KELMAN & PERERA, PC
600 Grant St., Suite 450
Denver, CO  80203

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2014, I cause the foregoing paper to be electronically filed with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to the following:

Hugh S. Pixler
LAW OFFICE OF HUGH S. PIXLER, LLC
1942 Broadway, Suite 314
Boulder, CO 80302
Telephone: (303) 413-3464
Hugh@Pixlerlaw.com
Attorney for Plaintiff

Brian M. Mumaugh
HOLLAND & HART LLP
6380 S. Fiddlers Green Circle
Suite 500
Greenwood Village, CO 80111
Telephone: (303) 290-1067
Fax: (303) 290-1606
BMumaugh@hollandhart.com

Deirdre Hamilton