IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**MAGISTRATE JUDGE KRISTEN L. MIX**

---

Courtroom Deputy: Laura Galera     FTR - Reporter Deck - Courtroom C-204
Date: April 2, 2014     Byron G. Rogers United States Courthouse

---

Civil Action No. 13-cv-03244-RM-KLM

*Parties*:                            *Counsel*:

TEREY SHULTZ,                 Hugh Pixler

      Plaintiff,

v.

FRONTIER AIRLINES, INC., and      Brad Williams
COMMUNICATIONS WORKERS OF    Thomas Buescher
AMERICA,

      Defendants.

---

**COURTROOM MINUTES**

---

**HEARING:   RULE 16(b) SCHEDULING CONFERENCE**
**Court in session:   9:29 a.m.**
Court calls case. Appearance of counsel.

**The following will confirm the actions taken and dates set at the scheduling conference held this date:**
Deadline for Joinder of Parties/Amendment of Pleadings: **May 19, 2014.**

Discovery Cut-off: **October 6, 2014.**

Dispositive Motions Deadline: **November 7, 2014.**

Parties shall designate experts **on or before July 1, 2014.**

Parties shall designate rebuttal experts **on or August 1, 2014.**

Rule 702 Deadline: **September 1, 2014.**

Each side shall be limited to **two (2)** expert witnesses, absent further leave of court.

Each side shall be limited to **ten (10)** depositions, absent further leave of court.

Each party shall be limited to **twenty-five (25)** interrogatories, **twenty-five (25)** requests for production, and **twenty-five (25)** requests for admissions, absent further leave of Court.

**Counsel shall call the Court by joint conference call for hearings regarding unresolved discovery disputes prior to filing any discovery motions.**

No **STATUS CONFERENCE** is set at this time. If the Court determines one is necessary, one will be set by Minute Order. The parties may request a status conference by contacting Chambers (303) 335-2770, preferably as a joint conference call, and request that one be set.

**FINAL PRETRIAL CONFERENCE** is set for **February 17, 2015 at 10:00 a.m.** before Magistrate Judge Kristen L. Mix. Final Pretrial Order is due **no later than seven (7) days** before the Final Pretrial Conference. (See the court's website **www.cod.uscourts.gov** for Instructions for Preparation and Submission).  In accordance with FED.R.Civ.P. 16(d), the conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel and the parties must notify chambers (303-335-2770) at least **3 business days in advance** of any hearing requiring presentation of documentary evidence, so that the courtroom can be equipped with the appropriate electronic technology.

**TRIAL:**  A **Trial Preparation Conference and Trial** will be set at a future date before the Honorable Raymond P. Moore.  The parties anticipate a five day trial to a jury.

Court discusses Judge Moore's practice standards with counsel.

Court discusses Magistrate Judge Mix's "Requirements of Practice" with counsel.

- Scheduling Order is signed and entered with interlineations on April 2, 2014.

HEARING CONCLUDED.
**Court in recess:     9:56 a.m.**
Total In-Court Time:     00:27

To order a transcript of this proceeding, contact Avery Woods Reporting at (303)825-6119.

---

**REQUIREMENTS OF PRACTICE BEFORE MAGISTRATE JUDGE MIX**

---

IT IS HEREBY **ORDERED** as follows:

1.    Attorneys and *pro se* parties will cooperate with each other in providing available dates for hearings and depositions.

2.    Attorneys and *pro se* parties will promptly and courteously respond to each other's correspondence and phone calls.

3.    Attorneys and *pro se* parties will promptly supplement disclosures and discovery responses.

4.    Attorneys and *pro se* parties will not make demeaning or abusive comments to counsel, litigants, or deponents. If the conduct is not permitted before the Court in person, it is not permitted in depositions.

5.    Attorneys and *pro se* parties will fully confer about discovery disputes before bringing them to the attention of the Court. While conferring, attorneys and *pro se* parties will disclose *every* reason for their position regarding each discovery dispute.

The steps for following the Magistrate Judge's discovery dispute procedure are as follows:

*Step 1:*  Counsel meaningfully confer regarding one or more discovery disputes pursuant to Local Rule 7.1A. Counsel may choose to confer about only one dispute at a time or several disputes at once. This decision is up to counsel, not the Court.

*Step 2:*  If discovery disputes are not resolved, counsel then agree on a mutually convenient time to call the Court for a discovery hearing regarding all disputes about which they have fully conferred but failed to reach agreement. Call 303-335-2770.

No attorney can insist on contacting the Court for a discovery hearing at a time when another attorney is not available. If an attorney is not available for a conference call to the Court for a discovery hearing when contacted by opposing counsel, s/he must provide opposing counsel with alternate dates and times to contact the Court. This eliminates the possibility that one party will have an unfair

advantage over another in preparation for a discovery hearing.

The Court is not responsible for assuring that multiple counsel for the same party are on the line for a telephone hearing. The Court requires only one attorney of record on the line for each party involved in the dispute. If counsel for a party want co-counsel for the same party to participate in the telephone hearing, they are responsible for ensuring that co-counsel are available to participate on the date and time chosen by them for the hearing.

The Court will not continue hearings based on the sudden unavailability of co-counsel for a party. As long as each party involved in the dispute is represented by at least one attorney of record, the hearing will proceed.

_Step 3_:  When counsel call the Court for the discovery hearing, the judge's law clerks will ask counsel questions relating to the nature of the dispute. The law clerks will consult with the judge as necessary. If the judge determines that any documents are required for review prior to the hearing, counsel will be instructed to email such documents to the Court's chambers, and the hearing will be set at a mutually convenient date and time in the future.

_Step 4_:  If no documents are necessary for review and the judge is immediately available, the call will be transferred to the courtroom and the hearing will be conducted. If the judge determines that the matter is complex and briefing is required, the judge will set a briefing schedule. If the judge is not immediately available, the hearing will be set at a mutually convenient date and time in the future.

6. Attorneys and _pro se_ parties will be fully prepared to make appropriate and thorough arguments at all hearings.

7. Attorneys and _pro se_ parties will be courteous to the Magistrate Judge's staff at all times.

8. Attorneys and _pro se_ parties will read and follow Court orders.

9. If the Court takes a matter under advisement and has not issued a written ruling within thirty (30) calendar days, attorneys and _pro se_ parties will call (303) 335-2770 and politely inquire into the status of the Court's ruling.

10. Attorneys and _pro se_ parties will note that the Court reserves the right to impose measured, proportionate sanctions for inappropriate conduct. Such sanctions include private or in-court admonishment, award of costs for discovery violations, referral to the disciplinary system of the Colorado bar, dismissal of claims or defenses and monetary awards.

5

# The Sedona Principles for Electronic Document Production
## Second Edition

1. Electronically stored information is potentially discoverable under Fed. R. Civ. P. 34 or its state equivalents. Organizations must properly preserve electronically stored information that can reasonably be anticipated to be relevant to litigation.

2. When balancing the cost, burden, and need for electronically stored information, courts and parties should apply the proportionality standard embodied in Fed. R. Civ. P. 26(b)(2)(C) and its state equivalents, which require consideration of the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information, as well as the nature of the litigation and the amount in controversy.

3. Parties should confer early in discovery regarding the preservation and production of electronically stored information when these matters are at issue in the litigation and seek to agree on the scope of each party's rights and responsibilities.

4. Discovery requests for electronically stored information should be as clear as possible, while responses and objections to discovery should disclose the scope and limits of the production.

5. The obligation to preserve electronically stored information requires reasonable and good faith efforts to retain information that may be relevant to pending or threatened litigation. However, it is unreasonable to expect parties to take every conceivable step to preserve all potentially relevant electronically stored information.

6. Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.

7. The requesting party has the burden on a motion to compel to show that the responding party's steps to preserve and produce relevant electronically stored information were inadequate.

8. The primary source of electronically stored information for production should be active data and information. Resort to disaster recovery backup tapes and other sources of electronically stored information that are not reasonably accessible requires the requesting party to demonstrate need and relevance that outweigh the costs and burdens of retrieving and processing the electronically stored information from such sources, including the disruption of business and information management activities.

9. Absent a showing of special need and relevance, a responding party should not be required to preserve, review, or produce deleted, shadowed, fragmented, or residual electronically stored information.

10. A responding party should follow reasonable procedures to protect privileges and objections in connection with the production of electronically stored information.

11. A responding party may satisfy its good faith obligation to preserve and produce relevant electronically stored information by using electronic tools and processes, such as data sampling, searching, or the use of selection criteria, to identify data reasonably likely to contain relevant information.

12. Absent party agreement or court order specifying the form or forms of production, production should be made in the form or forms in which the information is ordinarily maintained or in a reasonably usable form, taking into account the need to produce reasonably accessible metadata that will enable the receiving party to have the same ability to access, search, and display the information as the producing party where appropriate or necessary in light of the nature of the information and the needs of the case.

13. Absent a specific objection, party agreement or court order, the reasonable costs of retrieving and reviewing electronically stored information should be borne by the responding party, unless the information sought is not reasonably available to the responding party in the ordinary course of business. If the information sought is not reasonably available to the responding party in the ordinary course of business, then, absent special circumstances, the costs of retrieving and reviewing such electronic information may be shared by or shifted to the requesting party.

14. Sanctions, including spoliation findings, should be considered by the court only if it finds that there was a clear duty to preserve, a culpable failure to preserve and produce relevant electronically stored information, and a reasonable probability that the loss of the evidence has materially prejudiced the adverse party.



7