# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03244-RM-KLM

TEREY SHULTZ,

      Plaintiff,

v.

FRONTIER AIRLINES, INC., a Colorado corporation, and
COMMUNICATIONS WORKERS OF AMERICA, d/b/a ASSOCIATION OF FLIGHT
ATTENDANTS-CWA,

      Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The parties appeared on April 2, 2014 at 9:30 a.m. for the scheduling conference. Hugh S. Pixler, Law Office of Hugh S. Pixler, LLC, 1942 Broadway, Suite 314, Boulder, CO 80302, 303-413-3464, appeared on behalf of Plaintiff; Bradford J. Williams, Holland & Hart, LLP, 555 17th Street, Suite 3200, Denver, CO 80202, 303-295-8121, appeared on behalf of Defendant Frontier Airlines, Inc.; and Thomas Buescher, Buescher, Kelman & Perera, P.C., 600 Grant Street, Suite 450, Denver, CO 80203, 303-333-7751, appeared on behalf of Defendant Association of Flight Attendants-CWA, AFL-CIO.

## 2. STATEMENT OF JURISDICTION

Plaintiff invokes the Court's jurisdiction over his federal-question claims pursuant to the Railway Labor Act, 45 U.S.C. §§ 151-188, and 28 U.S.C § 1331. Plaintiff invokes the Court's jurisdiction over his state-law claims pursuant to 28 U.S.C. § 1367.

Defendant Frontier denies that this Court has jurisdiction over Plaintiff's claims against it because each claim constitutes a "minor dispute" which is preempted under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*

Defendant AFA denies that the Court has supplemental jurisdiction over the state-law claims.

## 3. STATEMENT OF CLAIMS AND DEFENSES

(a)     Plaintiff:

Plaintiff was a Flight Attendant for Frontier Airlines from January 2004 until the August 2013 termination from employment that is the subject of this action. Plaintiff became a member of Association of Flight Attendants-CWA (AFA) and Council 71 in late March 2013.

The current Collective Bargaining Agreement ("CBA") between Defendants was ratified by AFA with pending revisions in November 2011. At that time, union dues started to accrue.

Approximately 300 Frontier Flight Attendants withheld dues from the date of the first ratification in protest of certain provisions in the Collective Bargaining Agreement. In May 2013 AFA started to pressure Frontier Airlines to encourage Flight Attendants to get current on their dues payments. In June 2013 Frontier Manager of Employee Relations Tyler Bartlett and Director of Inflight Eva Durham called Plaintiff and informed

2

him that he was on a delinquent dues list. They instructed him to contact then-AFA Council 71 Secretary-Treasurer Jerry Johnson. Plaintiff was then instructed to contact Karen Lee at International to make arrangements to pay his delinquent dues.

Plaintiff agreed with Ms. Lee that he would pay current dues on the sixth of each month and pay "as much as possible" on delinquent dues on the 21st of each month. Ms. Lee informed Plaintiff that he would be required to sign "some paperwork" pursuant to the agreement.  She agreed to send the paperwork to Plaintiff via email as he was working a flight to Costa Rica that night. The email came, but without any attachment. Plaintiff immediately left her a voice message asking her to send the attachment, but he never received any further correspondence from her.

Plaintiff made every payment pursuant to the agreement that he had reached with Ms. Lee on time; as to the delinquent dues, Plaintiff always paid an amount equal to or greater than one month's dues.

Early in August, Mr. Bartlett called and told Plaintiff that he was still on the delinquent dues list. Plaintiff told him that he had made every payment pursuant to the agreement and asked how to get off the list. Mr. Bartlett told Plaintiff that there was no concern so long as he had proof of payment. Plaintiff made numerous calls to Mr. Johnson and then-Council 71 President Kathie Weis, never receiving a response of any kind. The Council 71 Grievance Officer told Plaintiff just to continue making payments and keep documentation of the payments and there would be no problem.

However, on August 8, 2013, AFA International sent a request for termination letter to Frontier Airlines. On August 10 Frontier terminated Plaintiff's employment for failure to pay dues.

3

On August 12, Plaintiff called Ms. Lee to ask the reason for his termination, telling her that he had made all of his payments according to their agreement. She informed him that he was terminated because he had not signed a promissory note, and that without it there was no agreement. He told her that he had never been informed of such a requirement, nor had he been provided with a form of promissory note.

Plaintiff offered to pay the entire outstanding amount immediately so as to negate the need for a note. He was told that he could not do this as he had already been terminated. He was also falsely told that he had only paid $25.00 towards his back dues.

Plaintiff made numerous calls to Ms. Lee over the next few days to prove to her that AFA International's numbers were incorrect, offering several times to pay the entire outstanding amount.  Meanwhile, Plaintiff was given several different numbers from his contacts at the local and the International on what his delinquent amount was. Ms. Lee told Plaintiff to contact Mr. Johnson at Council 71, who failed to respond to him.

Plaintiff contacted Ms. Lee again. She asked him why he had not signed a promissory note that had been sent to him via certified mail. He had never been provided with the mailed note because AFA had sent it to his mother's address, not the Denver address he had given to AFA for official correspondence.

Plaintiff asked the Grievance Officer for help. She reported back to Plaintiff that after speaking with several International and local AFA representatives, she had been given different reasons for his termination, but she could not otherwise help.

On August 16, 2013, Plaintiff hand-delivered a Request for Review of his termination, pursuant to Article 17(C) of the CBA, to Ms. Durham and Mr. Bartlett at

Frontier Airlines. He received the written Review decision from Mr. Bartlett on August 24. In it, Mr. Bartlett stated that after inquiry with AFA Plaintiff was still deemed delinquent, back to March 2012, and the termination was affirmed "until I hear otherwise."

On August 27, Mr. Bartlett told Plaintiff that if he paid his dues in full and had AFA send a reversal of termination letter, the two of them would discuss the process for reinstatement. On August 28, Plaintiff called AFA International to make the payment in full and get the letter. She told him that this would be "no problem." Plaintiff made the payment over the phone by credit card.

On August 29, the representative called Plaintiff and told him that she had returned his payment. She said that Frontier had rejected the reversal letter.

Plaintiff immediately called Mr. Bartlett about the letter. Mr. Bartlett stated that he had not received anything from AFA International. He told Plaintiff that he would call AFA International and then get back with him. Plaintiff was then told by AFA that Council 71 had rejected the reversal of termination; the representative refused to send Plaintiff a copy of the letter. She told Plaintiff that Karen Lee's supervisor, Bob Kenia, would call him when he returned from vacation on September 3. She also said that she would no longer be able to assist him.

Plaintiff called Mr. Bartlett again. Mr. Bartlett told Plaintiff that he would be meeting with AFA on September 4 and would contact him after that. Plaintiff never heard from Mr. Kenia or Mr. Bartlett. In spite of many calls to, and messages left at, AFA International, Council 71 and Frontier Airlines, no one contacted Plaintiff or

responded to his pleas for help after Mr. Bartlett's statement that he would call him after the meeting with AFA.

Plaintiff states a claim for breach of the Collective Bargaining Agreement, pursuant to the Railway Labor Act, 45 U.S.C. §§ 151-188, and a breach of duty of fair representation claim against AFA for colluding with Frontier to procure his termination. Plaintiff states claims of promissory estoppel against both Defendants for making misrepresentations and breaching promises to him that he would be able to pay or make payments relating to his dues without suffering termination from employment.

(b)     Defendant Frontier:

Plaintiff was employed by Defendant Frontier as a Flight Attendant at all times relevant to this action prior to his termination on or around August 10, 2013. Defendant Frontier and Defendant AFA were parties to a collective bargaining agreement ("CBA") *effective at all time relevant to this action.*

Pursuant to Article 17 of the CBA, Defendant AFA was obligated to notify Flight Attendants like Plaintiff who *became more than 30 days delinquent in payment of their* union membership dues that they would be subject to discharge if they failed to remit required payments to Defendant AFA within a specified period. Also pursuant to Article 17 of the CBA, Flight Attendants like Plaintiff were obligated to notify Defendant AFA's Membership Department of any changes to their addresses. These contractual obligations fell solely upon Defendant AFA and Plaintiff; Defendant Frontier had no contractual obligations regarding notice of delinquent payments, or providing updated addresses.

Pursuant to Article 17 of the CBA, Defendant Frontier's sole contractual obligation was to take proper steps to discharge Flight Attendants who failed to remit required payments to Defendant AFA. More specifically, upon receipt of written notice from Defendant AFA that a Flight Attendant had failed to remit required payments, Defendant Frontier was contractually obligated to take proper steps to discharge the Flight Attendant for failure to comply with Article 17's terms and conditions. A terminated Flight Attendant could appeal his termination by appealing, first, to Defendant Frontier's Director of Inflight, and, second, to the System Board of Adjustment pursuant to Articles 17, 18, and 19 of the CBA.

In or around June and July 2013, Defendant Frontier contacted various Flight Attendants who, according to Defendant AFA, were delinquent in their membership dues. Defendant Frontier contacted these Flight Attendants, including Plaintiff, as a courtesy, and in an effort to forestall their eventual termination as required under the CBA.

Notwithstanding these efforts, on or around August 2, 2013, Defendant Frontier received written notice from Defendant AFA that Plaintiff had failed to remit required payments and was therefore to be discharged. Pursuant to its contractual obligations, Defendant Frontier accordingly terminated Plaintiff's employment on or around August 10, 2013.

Plaintiff appealed his termination to Defendant Frontier's Director of Inflight on or around August 15, 2013. After receiving a written decision from Defendant Frontier, Plaintiff failed to appeal his termination to the System Board of Adjustment as required

7

under Articles 17, 18, and 19 of the CBA. Plaintiff thus failed to exhaust his contractual remedies.

Based on the foregoing, Defendant Frontier denies that it breached the CBA in any respect as alleged in Plaintiff's first claim for relief. Instead, Defendant Frontier properly terminated Plaintiff's employment pursuant to Defendant Frontier's contractual obligations under Article 17 of CBA, and fulfilled all other contractual obligations under that Article.

Defendant Frontier also denies that Plaintiff reasonably relied upon, or relied to his detriment upon, on any statements Defendant Frontier's Manager of Employee Relations allegedly made to Plaintiff, as alleged in Plaintiff's third claim for relief. Instead, Plaintiff's damages, if any, were caused solely by any actions of others, including Defendant AFA, and/or Plaintiff's failure to appeal his allegedly improper termination to the System Board of Adjustment.

More importantly, Plaintiff's claims against Defendant Frontier constitute "minor disputes" under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, and are thus preempted. Minor disputes must be resolved solely through the Railway Labor Act's mechanisms, including appeal through the System Board of Adjustment. Federal courts lack jurisdiction to adjudicate such matters. Plaintiff cannot invoke the "hybrid claim" exception to preemption of minor disputes because he cannot prove that Defendant Frontier and Defendant AFA colluded in wrongfully terminating his employment, or in denying him access to the CBA's grievance procedures, including the System Board of Adjustment. Instead, Defendant Frontier acted solely according to its contractual

obligations, and Plaintiff failed to appeal his allegedly improper termination to the System Board of Adjustment.

In addition to these denials and defenses, Defendant Frontier further incorporates its additional defenses as *set forth in its Answer, including, in particular, its* defense that any damage that Plaintiff incurred was caused solely by the actions of others, including Defendant AFA, and/or by intervening or superseding events for which Defendant Frontier has no responsibility.

(c)    Defendant AFA:

Plaintiff's state law claims are pre-empted by the Railway Labor Act, 45 U.S.C. §§ 151-188.

AFA advised plaintiff that in order to bring his delinquent dues to a current status he needed to make payments and sign a promissory note. Plaintiff agreed to those conditions. AFA accidently forgot to attach the promissory note to an email to plaintiff concerning this agreement and plaintiff did nothing to advise AFA of the error.

AFA denies that it acted in any way other than honestly and in good faith toward plaintiff. It did not make any promises to Plaintiff that were other than his obligations under the collective bargaining agreement. Plaintiff did not fulfill his obligations under the collective bargaining agreement nor follow through on commitments he made to AFA. He did not provide the information or documents that he was obligated to, or agreed to, provide to AFA. *Plaintiff's termination was correct under the law and the* collective bargaining agreement.

Plaintiff has either not been damaged or has failed to mitigate his damages.

AFA reserves the right to add defenses that may become apparent as a result of discovery.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

a.     A collective bargaining agreement (CBA) existed between Frontier Airlines, Inc. and Association of Flight Attendants-CWA, AFL-CIO (AFA) at the time of Plaintiff's termination from employment with Frontier.

b.     In or around August 2013 AFA sent a letter to Frontier requesting Plaintiff's termination from employment.

c.     On or about August 10, 2013 Frontier terminated Plaintiff's employment.

## 5. COMPUTATION OF DAMAGES

(a)     Plaintiff

Plaintiff's damages and losses are calculated by counsel, assuming a November 30, 2015 trial date, as follows:

**Economic loss:**

| | |
|---|---|
| $126,500.00 | (backpay from Aug. 10, 2013 to Nov. 30, 2015 at $55,000.00 per year rate) |
| 37,950.00 | (value of back benefits at 30 percent of pay) |
| $164,450.00 | **Total Backpay** |
| $71,500.00 | **Front Pay** (one year's pay and benefits) |
| $235,950.00 | **Total Economic Loss** |

**Non-economic injury**

$150,000.00                (for mental anguish, emotional
distress, humiliation, loss of
reputation, future pecuniary loss)

_____

$385,950.00                **Grand Total**

[These damages have been calculated by Plaintiff's counsel and are presented only as a good-faith effort to comply with FED.R.CIV.P. 26(a)(1) and the Court's Scheduling Order requirements. They do not include any increase of losses due to potential pay raises, medical expenses, lost opportunity or other material losses, consequential damages or present-value calculations. They also do not include pre-judgment interest, attorney fees or costs.]

    (b)    Defendant Frontier:

Defendant Frontier denies that Plaintiff is entitled to any relief. Defendant Frontier

is not seeking an award of damages, but reserves the right to seek an award of its costs

and attorneys' fees in defending this action.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

    a.    Date of Rule 26(f) meeting:  March 12, 2014.

    b.    Names of each participant and party he/she represented:

        Attorney for Plaintiff:        Hugh S. Pixler

        Attorney for Defendant Frontier:  Brad Williams

        Attorney for Defendant AFA:    Tom Buescher

    c.    Statement as to when Rule 26(a)(1) disclosures were made: March 26, 2014.

    d.    Proposed changes, if any, in timing or requirement of disclosures under FED.CIV.P. 26(a)(1): None.

11

e.      Statement concerning any agreements to conduct informal discovery:

The parties agree to explore informal discovery.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties will explore the means by which to reduce discovery and other litigation costs. Plaintiff proposes telephone depositions for out-of-state deponents. Frontier has agreed to discuss this proposal. AFA states as follows: All depositions of AFA officials or employees headquartered in Washington, D.C. will take place in Washington, D.C.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

The parties do not anticipate that this matter will involve extensive electronic discovery issues. The parties agree to produce hard copies, or CDs, or similar electronic compilations of digitally-based data unless they determine that arrangement will be onerous because of an unanticipated amount of such data. *Parties shall adhere to Sedona principles regarding electronic discovery disputes.*

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

Plaintiff communicated a settlement position at the Rule 26(f) meeting. Defendants responded with a counter-offer on March 25, 2014.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

## 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:  None as to depositions (10 per side); none as to interrogatories (25 per party, including all discrete subparts, served on any other party).

b.      Limitations which any party proposes on the length of depositions: 1 day of 7 hours.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission: 25 per party served on any other party for requests for production and for requests for admission.

d.      Other Planning or Discovery Orders: No opposed discovery motions are to be filed with the Court until the parties comply with D.COLO.LCivR 7.1A. If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.

## 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:  May 19, 2014.

b.      Discovery Cut-off:  October 6, 2014.

c.    Dispositive Motion Deadline: November 7, 2014.

d.    *Expert Witness Disclosure:*

1.    The parties shall identify anticipated fields of expert testimony, if any:

a.    Plaintiff: labor economics.

b.    Defendant Frontier: Defendant Frontier anticipates that it may need an expert in the field of damages valuation.

c.    Defendant AFA: AFA reserves the right to call a rebuttal expert.

2.    Limitations which the parties propose on the use or number of expert witnesses: 2 per party.

3.    The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed.R.Civ.P. 26(a)(2) on or before: July 1, 2014.

4.    The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed.R.Civ.P. 26(a)(2) on or before: August 1, 2014.

e.    Identification of Persons to be Deposed:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Tyler Bartlett | To be determined | To be determined | 4 hours |
| Eva Durham | | | 3 hours |
| Karen Lee | | | 2 hours |
| Kathie Weis | | | 2 hours |

Rule 702 motion deadline[14] is Sept. 1, 2014.

| | | | |
|---|---|---|---|
| Bob Kenia | | | 2 hours |
| Jeanie Messina | | | 2 hours |
| Jerry Johnson | | | 2 hours |
| Irell Thompson | | | 2 hours |
| Deidre Hamilton | | | 2 hours |
| Terey Shultz | | | _ hours |
| 30(b)(6) Witness of Defendant AFA | | | 4 hours |

AFA desires to depose plaintiff for up to one day. Frontier desires to depose Plaintiff for 4-7 hours. Plaintiff desires to limit his deposition to 7 hours total.

AFA objects to any effort to depose Deirdre Hamilton on the basis of attorney/client privilege and/or work product.

This schedule is tentative and contingent upon the availability of witnesses. The parties reserve the right to schedule additional depositions, including of experts, based on information obtained through discovery.

f.      Deadline for Interrogatories:  Interrogatories shall be served timely so that responses are due pursuant to FED.R.CIV.P. 33(b)(2), on or before the discovery cut-off date.

g.      Deadline for Requests for Production of Documents and/or Admissions: Requests for Production of Documents and Requests for Admission shall be served timely so that responses are due pursuant to FED.R.CIV.P. 34(b)(2)(A) and 36(a)(3) on or before the discovery cut-off date.

15

**10.    DATES FOR FURTHER CONFERENCES**

a.    Status conferences will be held in this case at the following dates and times:



_____.

b.    A final pretrial conference will be held in this case on ___Feb. 17, 2015___ at __10__ o'clock __a__.m.    A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11.  OTHER SCHEDULING MATTERS**

a.    Identify those discovery or scheduling issues, if any, upon which counsel after a good faith effort, were unable to reach an agreement:

1.    AFA desires to depose plaintiff for up to one day. Frontier desires to depose Plaintiff for 4-7 hours. Plaintiff desires to limit his deposition to 7 hours total.

2.    Plaintiff desires to take the deposition of Deidre Hamilton, former AFA staff counsel, regarding a letter she sent to Plaintiff explaining the "procedures and processes leading to [his] termination." AFA objects to any effort to depose Deirdre Hamilton on the basis of attorney/client privilege and/or work product.

3.    Plaintiff desires to have the option of taking telephone depositions of out-of-state deponents. Frontier has agreed to discuss this proposal, but AFA wants all depositions of AFA officials or employees headquartered in Washington, D.C. to take place in Washington, D.C.

16

b.      Anticipated length of trial and whether trial is to the court or jury: 5 days, to a jury.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 North Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building. 103 Sheppard Drive, Durango, Colorado: None.

## 12. NOTICE TO COUNSEL AND *PRO SE* PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _2nd_ day of April, 2014.

BY THE COURT:

Hon. Kristen L. Mix
United States Magistrate Judge

APPROVED:

s/ _Hugh S. Pixler_
Hugh S. Pixler
Law Office of Hugh S. Pixler, LLC
1942 Broadway, Suite 314
Boulder, CO 80302
303-413-3464
hugh@pixlerlaw.com

**Attorney for Plaintiff**

s/ _Bradford J. Williams_
Bradford J. Williams
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Phone: (303) 295-8121
Fax: (303) 223-3271
bjwilliams@hollandhart.com

**Attorneys for Defendant
Frontier Airlines**

s/ _Tom Buescher_
Buescher, Kelman & Perera, P.C.
600 Grant Street, Suite 450
Denver, CO 80203
Tel: (303) 333-7751
Fax: (303) 333-7758
tbuescher@laborlawdenver.com

**Attorneys for Defendant Association of Flight Attendants**